UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD M. COIA
As Trustee of the Rhode Island Laborers Health Fund; the Rhode Island Laborers' Pension Fund; the New England Laborers' Training Trust Fund; the New England Laborers' Labor Management Cooperation/Trust Fund; the New England Laborers' Health & Safety Fund; the New England Laborers' Unified Trust Fund; the Rhode Island Laborers' Annuity Fund; the Rhode Island Laborers' Legal Services Fund; the Rhode Island Construction Industry Advancement Fund; and the RHODE ISLAND LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

CA 05 295 S

v. C.A. No.

MARR SCAFFOLDING CO.

## VERIFIED COMPLAINT

1. Plaintiff Ronald M. Coia, a duly appointed Trustee of the Rhode Island Laborers Health Fund, the Rhode Island Laborers Pension Fund, the Rhode Island Laborers Annuity Fund, the Rhode Island Laborers Training Trust Fund, and the Rhode Island Laborers Legal Services Fund, ("Plaintiff Funds"), which are unincorporated associations having their principal offices in the City of Cranston, County of Providence and State of Rhode Island, brings this suit in his capacity as Trustee for the above named Funds.

2. Plaintiff, Rhode Island Laborers District Council ("Plaintiff Union"), acting on behalf of Local Unions #15, Westerly, Rhode Island; #271, Providence, Rhode Island; and #673, Newport, Rhode Island, is an unincorporated association having its principal office in the City of

Providence, State of Rhode Island, and brings this suit in its own name.

3. Defendant, Marr Scaffolding Co. ("Defendant") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in South Boston, Massachusetts. Defendant has performed business in the State of Rhode Island.

4. This Court has jurisdiction to hear this matter pursuant to 29 U.S.C. § 1132(e)(1) and (2) and 29 U.S.C. § 185(a) and (c). Plaintiff Funds are duly organized and recognized Trust Funds under 29 U.S.C. § 1002 and the Trustee of the Funds is empowered to bring this action pursuant to 29 U.S.C. § 1132(a)(3). Plaintiff Union is empowered to bring this action pursuant to 29 U.S.C. § 185(b).

5. On or about June 1, 2001, Plaintiff Union entered into a collective bargaining agreement ("CBA") effective June 1, 2001 through May 31, 2005 with the Rhode Island Chapter, Associated General Contractors of America, Inc. A copy of the CBA is attached hereto and made a part hereof as **Exhibit A**.

6. Defendant is a party to the CBA in that Plaintiff Union provided Defendant with Union members who performed work for Defendant, and who were employees of Defendant, pursuant to the terms and conditions of said CBA, which were in effect at all times pertinent to this action, and Defendant has been and remains a signatory to the CBA through the Acceptance of Agreements and Declaration of Trust signed by the Defendant. A copy of the Acceptance of Agreements and Declaration of Trust is attached hereto as **Exhibit B**.

7. Pursuant to the CBA, Plaintiff Funds are administered by the Board of Trustees and are governed under the terms of a trust agreement. A copy of the Annuity Fund Trust Agreement is attached hereto as **Exhibit C**, for reference.

8. The Annuity Fund Trust Agreement provides, in part, that:

> The Trustees shall have the right, themselves or through any authorized representative, to audit such books and records of any Employer as may be necessary to determine if all liabilities of such Employer to the Trustees have been paid, and to determine that the correct Contributions have been received for all persons for whom the Employer is required to make Contributions. The Trustees may authorize an Insurer or its authorized representative to make such audit. Each employer who becomes a party hereto or consents to be bound by the terms hereof agrees to make such books and records available at all reasonable times so that such audits may be conducted.

See Exhibit C at16-17.

9. The trust agreements for each of the Plaintiff Funds has a similar provision expressly granting the trustees the authority to conduct audits.

**COUNT I**

10. Plaintiff Funds and Plaintiff Union, through their representatives, have made repeated demands upon Defendant, without success, requesting that the Defendant's records be made available for review pursuant to the CBA and the trust agreements.

11. Defendant has failed and/or refused to make its records available for review.

12. At all times, Plaintiff Funds and Plaintiff Union have duly performed their obligations under the CBA and the trust agreements with the Defendant.

WHEREFORE, Plaintiff Fund and Plaintiff Union demand an order allowing their auditors to conduct an audit of Defendant's records, pursuant to 29 U.S.C. § 1132(a)(3). Plaintiff Fund and Plaintiff Union further demand payment of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), and such other relief as the Court may deem appropriate.

RONALD M. COIA, et al.
By their Attorneys,

Jaime J. LaPorte

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604 - 351-0607
Date: 7/5/05

I, Ronald M. Coia, Trustee for the aforementioned Funds and duly authorized representative for the aforementioned Union Locals, hereby certify that I have read the above Complaint, and that all of the representations herein are true and accurate to the best of my knowledge and belief.

Ronald M. Coia

Subscribed and sworn to before me by said Ronald M. Coia on this 28 day of June, 2005.

Jaime J. LaPorte
Notary Public 7/25/2007
(#51851)

*311827_1.doc*